IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Jermaine Ceasar,** | § | |
| | § | |
|   Plaintiff, | § | |
| | § | C.A. No._____ |
|       v. | § | |
| | § | |
| **Wal-Mart Stores Texas, LLC,** | § | |
| | § | |
|   Defendant. | § | (JURY TRIAL DEMANDED) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    COMES NOW Plaintiff, Jermaine Ceasar, filing her Original Complaint complaining of Defendant, Wal-Mart Stores Texas, LLC, and in support thereof would show as follows:

**I.**

**JURISDICTION, PARTIES AND VENUE**

    1.    This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to (i) 42 U.S.C. §1981 and (ii) Title VII of the Civil Rights Act of 1964, as amended.

    2.    Jermaine Ceasar resides in Rosenberg, Texas. Plaintiff is an African American and is protected by 42 U.S.C. §1981 and Title VII. Plaintiff was at all relevant times an employee within the meaning of the applicable statutes.

    3.    Wal-Mart Stores Texas, LLC operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of the aforementioned applicable statutes.

    4.    Wal-Mart Stores Texas, LLC employed more than fifteen (15) regular employees.

5. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

6. Whenever in this complaint it is alleged that the Defendant Wal-Mart Stores Texas, LLC did any act or thing, it is meant that the Defendant Wal-Mart Stores Texas, LLC supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant Wal-Mart Stores Texas, LLC or was done in the normal and routine course and scope of employment of Defendant Wal-Mart Stores Texas, LLC's supervisors, agents, servants, employees, or representatives.

7. The acts of management including but not limited to Jeanette Rocha were performed while in the employment of Defendant's Wal-Mart Stores Texas, LLC, to further Defendant Wal-Mart Stores Texas, LLC's business, to accomplish the objective for which said managers were hired, and within the course and scope of that employment or within the authority delegated to said employees.

**II.
EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Plaintiff, Jermaine Ceasar, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on or about November 5, 2019. In that Charge, and any amendments and/or attachments thereto, Plaintiff Ceasar asserted that Defendant discriminated against her because of her race, color and age and in retaliation for opposing same.

9. Therefore, Plaintiff was forced to file this suit in order to protect her employment rights. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

10. Plaintiff Ceasar (African American) remembers fondly the day she received the offer to work for Wal-Mart Stores Texas, LLC ("Wal-Mart"). She truly believed that she was destined to work for WAL-MART well into the foreseeable future. That was more than twenty (20) years ago!

11. On or about February 6, 1999, Plaintiff Ceasar was hired as a Set Up Associate at store #331 in a temporary capacity.

12. Plaintiff Ceasar worked well.

13. Based thereon, Plaintiff Ceasar was promoted to Assistant Store Manager at store #2718 on or about November 25, 2006.

14. Before her promotion, Plaintiff Ceasar was never disciplined by defendant orally.

15. Before her promotion, Plaintiff Ceasar was never disciplined by defendant in writing.

16. Plaintiff Ceasar continued to perform satisfactorily.

17. Based thereon, Plaintiff Ceasar was promoted to Co-Manager at store #915 on or about August 22, 2015.

18. Before her promotion to Co-Manager, Plaintiff Ceasar was never disciplined by defendant orally.

19. Before her promotion to Co-Manager, Plaintiff Ceasar was never disciplined by defendant in writing.

20. On or about October 31, 2018, Jeanette Rocha (Caucasian) became the Store Manager at store #915.

21. Before Jeanette Rocha's promotion to Store Manager at store #915, Plaintiff Ceasar was never disciplined by defendant orally.

22. Before Jeanette Rocha's promotion to Store Manager at store #915, Plaintiff Ceasar was never disciplined by defendant in writing.

23. As Store Manager at store #915, Jeanette Rocha directly supervised Plaintiff Ceasar.

24. While under Jeanette Rocha's leadership, Plaintiff Ceasar transferred from the night shift to the day shift at store #915.

25. While Store Manager at store #915, Jeanette Rocha used profane language at a meeting with Wal-Mart employees.

26. Wal-Mart did not discipline Jeanette Rocha for using profanity at a meeting with Wal-Mart employees.

27. While Store Manager at store #915, Jeanette Rocha screamed at plaintiff prompting a customer to complain about such.

28. Customer Heather Brewer submitted a complaint with a submission date of January 18, 2019, noting:

> **"Issue: Customer stated that she was in the infant area and she heard screaming, screaming. Customer stated that there was a group of workers. Customer stated that it was Jeanette screaming at another co manager.**
>
> **Resolution: I apologized to the customer for the inconvenience this has caused her. I informed the customer that the behavior she described does not align with our corporate values and expectation. I informed the customer that I will be documenting this information and sending it to the appropriate party to be addressed."**

29. Wal-Mart did not discipline Jeanette Rocha for screaming at plaintiff prompting a customer to complain about such.

30. While Store Manager at store #915, Jeanette Rocha transferred Plaintiff Ceasar from working in the food department to general merchandise department.

31. Plaintiff Ceasar filed an internal complaint against Jeanette Rocha with Wal-Mart.

32. Wal-Mart investigated Plaintiff Ceasar's initial complaint.

33. Wal-Mart informed Jeanette Rocha that such an initial complaint had been filed against her.

34. Plaintiff Ceasar filed additional information to her internal complaint against Jeanette Rocha with Wal-Mart.

35. Wal-Mart investigated the additional information in Plaintiff Ceasar's complaint.

36. Wal-Mart informed Jeanette Rocha that such an additional information had been filed against her.

37. On or about February 27, 2019, Plaintiff Ceasar earned and received an overall rating of "Solid Performer" on her annual performance evaluation.

38. On or about March 1, 2019, Plaintiff Ceasar earned and received a merit increase based on her performance.

39. While Store Manager at store #915, Jeanette Rocha issued Plaintiff Ceasar a disciplinary action in or about May of 2019.

40. On or about June 6, 2019, Store Manager Jeanette Rocha forced Plaintiff Ceasar to pull out her cell phone and read an email aloud in the presence of Plaintiff Ceasar's

subordinate employee. Once read, Store Manager Jeanette Rocha walked towards Plaintiff Ceasar and deliberately pushed her.

41. On or about June 14, 2019, plaintiff emailed human resources Syreeta Anthony informing her that Store Manager Jeanette Rocha called plaintiff an offensive name several times during the shift and despite being asked not to and engaged in other daily disrespect.

42. On or about June 16, 2019, plaintiff emailed Store Manager Jeanette Rocha informing her that plaintiff was "still emotionally" devastated by the offensive name Store Manager Jeanette Rocha called plaintiff and therefore plaintiff was going to take the day off using her paid time off.

43. While Store Manager at store #915, Jeanette Rocha issued Plaintiff Ceasar a disciplinary action in or about July of 2019.

44. On or about July 8, 2019, plaintiff called the ethics hotline and lodged a complaint against Store Manager Jeanette Rocha.

45. On July 12, 2019, Case Manager II Fashia Cizerle emailed plaintiff: "I am on the Associate Relations Team and am looking into the concerns you recently reported to Ethics. I would like to set up time to visit with you by phone. Please let me know what your availability is and I will coordinate with my calendar a time to discuss."

46. While Store Manager at store #915, Jeanette Rocha told Wal-Mart employees – one or more – that she was raised to be prejudiced.

47. Wal-Mart did not discipline Jeanette Rocha for telling Wal-Mart employees – one or more – that she was raised to be prejudiced.

48. In or about July 2019, plaintiff called the ethics hotline and lodged an additional complaint against Store Manager Jeanette Rocha including her proudly saying at Wal-Mart that she was raised to be prejudiced.

49. On July 30, 2019, Case Manager II Fashia Cizerle emailed plaintiff that she would investigate plaintiff's most recent claims.

50. In a separate July 30, 2019 email, Case Manager II Fashia Cizerle agreed to phone plaintiff on August 1, 2019 at 3 p.m. CST to investigate her claims.

51. Case Manager II Fashia Cizerle failed to make the Thursday, August 1, 2019, appointment and failed to notify plaintiff of such.

52. On Friday, August 2, 2019, Case Manager II Fashia Cizerle emailed plaintiff at 9:52 a.m. asking if plaintiff could speak with her that day about plaintiff's claims.

53. On Friday, August 2, 2019, plaintiff emailed Case Manager II Fashia Cizerle back at 10:34 a.m. indicating that she was available that day to discuss plaintiff's claims.

54. Case Manager II Fashia Cizerle failed to speak with plaintiff Friday, August 2, 2019 and failed to notify plaintiff of such until 3:42 p.m. that same day.

55. On Friday, August 2, 2019, Case Manager II Fashia Cizerle emailed plaintiff at 3:42 a.m. asking if plaintiff could speak with her that following Monday, August 5, 2019, about plaintiff's claims.

56. On Friday, August 2, 2019, plaintiff emailed Case Manager II Fashia Cizerle back at 3:48 p.m. indicating that she was available that following Monday, August 5, 2019, to discuss her claims.

57. Case Manager II Fashia Cizerle failed to speak with plaintiff Monday, August 5, 2019, and failed to notify plaintiff of such.

58. Having not heard back from Case Manager II Fashia Cizerle to re-schedule their telephonic conference into plaintiff's claims, plaintiff emailed Case Manager II Fashia Cizerle on August 5, 2019, at 5:27 p.m., **"Good evening,I was just wondering if you was going to contact me about my concerns , I've brought up to the ethic board because this matter is very urgent to me and I been dealing with this issue for about 3 months now."**

59. While Store Manager at store #915, Jeanette Rocha issued Plaintiff Ceasar a disciplinary action in or about August of 2019.

60. On or about August 21, 2019, plaintiff emailed Case Manager II Fashia Cizerle informing her that Store Manager Jeanette Rocha repeatedly threatened to kill Wal-Mart associates. Before emailing Case Manager II Fashia Cizerle with such, Plaintiff Ceasar informed Wal-Mart's Market Team of such threats.  The Market Team made light of the threats.

61. While Store Manager at store #915, Jeanette Rocha terminated Plaintiff Ceasar on or about October 17, 2019.

62. On or about October 22, 2019, plaintiff emailed Case Manager II Fashia Cizerle informing her that Store Manager Jeanette Rocha terminated her.

63. On or about December 12, 2019, Case Manager II Fashia Cizerle emailed plaintiff that "the facts in this case have been thoroughly reviewed and a determination has been made to close this matter."

64. Wal-Mart has a practice of terminating older employees.

65. The effect of the practices complained of herein have been to deprive Plaintiff of

equal employment opportunities and otherwise adversely affect her status as an employee because of her race, color and age and in retaliation for opposing same.

## IV.

## CAUSES OF ACTION

**A.     RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 And TITLE VII**

66.     Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

67.     Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 and Title VII, by intentionally interfering with Plaintiff's work performance and advancement because of her race in the ways described herein.

68.     This intentional interference consisted of discrimination of a continuous nature.

69.     Defendant, through its agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

70.     The above-described acts on Defendant's part caused Plaintiff's substantial injury and damage.

**B.     AGE DISCRIMINATION PURSUANT TO ADEA**

71.     Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

72.     Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of ADEA, by intentionally interfering with Plaintiff's work performance and advancement because of her age in the ways described herein.

73. This intentional interference consisted of discrimination of a continuous nature.

74. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

75. The above-described acts on Defendant's part caused Plaintiff's substantial injury and damage.

C. **RETALIATION PURSUANT TO 42 U.S.C. §1981 And TITLE VII**

76. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporate the same by reference as though fully set forth herein.

77. After complaining to management of racially motivated maltreatment, Plaintiff was subsequently and repeatedly harangued, ignored, disciplined, bullied, and then terminated.

78. As herein alleged, Defendant illegally retaliated against Plaintiff because she opposed discrimination and complained of same. Defendant had no legitimate business reasons for any of such acts. Each act of retaliation is in violation of 42 U.S.C. §1981 and Title VII's anti-retaliation provision.

79. As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

80. The above-described acts on Defendant's part were undertaken in violation of 42 U.S.C. §1981 and Title VII and proximately caused Plaintiff substantial injuries and damages.

## V.
## JURY DEMAND

81. Plaintiff's request that this action be heard before a jury.

## VI.
## DAMAGES

82. Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Plaintiff in her occupation, trade, and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies, and procedures of Defendant. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages in an amount to be proved at trial.

83. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent him in these causes of action Plaintiff has agreed to pay his attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

84. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve their ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

85. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly

tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of race, color and age and retaliates once challenged.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Punitive damages;

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

> Respectfully submitted,
> Law Offices of Katrina Patrick
>
> */s/ Katrina Patrick*
> _____
> **Katrina Patrick**
> Attorney-in-Charge
> State Bar No. 00797218
> Federal Bar No. 22038
> 6575 West Loop South, Suite 500
> Bellaire, Texas 77401
> Telephone: (713) 796-8218
>
> **ATTORNEY FOR PLAINTIFF**
> Jermaine Ceasar